NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADAM M. WEISSMAN,<br><br>                  Plaintiff,<br><br>    v.<br><br>PHILIP C. GUTWORTH, P.A. and PHILIP C.<br>GUTWORTH,<br><br>                  Defendants. | **OPINION**<br><br>Civ. No. 2:14-cv-00666 (WHW) (CLW) |

**Walls, Senior District Judge**

This matter arises from Plaintiff Adam Weissman's class action complaint against Defendants Philip Gutworth and his law firm, Philip Gutworth, P.A., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Under Federal Rule of Civil Procedure 23(e), the parties now jointly move for preliminary approval of a settlement agreement, conditional class certification, approval of class notice procedures, and the scheduling of a final fairness hearing. Decided without oral argument under Federal Rule of Civil Procedure 78(b), the motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint alleges that Defendants violated the FDCPA, 28 U.S.C. § 1692g(a)(4), by sending him an insufficiently detailed debt collection letter. Compl. ¶¶ 9-19, ECF No. 1. Plaintiff asserts that the letter unlawfully failed to notify him that if he wanted to dispute the status of the debt, he was required to do so in writing and within thirty days. *Id.* ¶ 19. Plaintiff brings the action both individually and on behalf of all others similarly situated, alleging that it was Defendants' "policy and practice" to send such deficient letters and that Defendants sent them to more than forty people. *Id.* ¶¶ 20, 28.

**NOT FOR PUBLICATION**

Plaintiff and Defendants reached a settlement agreement and now move for the Court to preliminarily approve it, as is required by Federal Rule of Civil Procedure 23(e). Fed. R. Civ. P. 23(e). The parties' settlement agreement defines the putative class to include "any Person to whom defendants sent a letter which was the initial written communication sent in an attempt to collect a debt" and included one of the following statements: (i) "Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you," or (ii) "We may proceed with suit against you without waiting the thirty days, if so required by our client." Settlement Agreement 2, ECF No. 14. The class excludes, however, members who opt out by timely request. *Id.* The settlement agreement provides that Defendants will pay for notice to be mailed to all putative class members, giving them twenty-one days to opt out of the class or register objections. *Id.* ¶¶ 5-6.

The settlement agreement also provides that Plaintiff and all other class members who do not opt out will "forever release and discharge" Defendants from liability related to the facts underlying the class action. *Id.* ¶ 7. In consideration, Defendants will pay $7,900 into an escrow account. *Id.* ¶ 1.1. $3,500 of this amount will be paid to Plaintiff and $4,400 will be distributed pro rata to the other class members. *Id.* ¶ 1.2. Any funds remaining in escrow will be paid to Essex-Newark Legal Services. Finally, the settlement agreement provides that Defendants will pay $20,000 to Plaintiff's counsel for costs and fees. *Id.* ¶ 2.

Plaintiff and Defendants jointly move for preliminary approval of their settlement agreement, conditional class certification, approval of class notice procedures, and the scheduling of a final fairness hearing. Joint Br. 2, ECF No. 12-4.

NOT FOR PUBLICATION

## DISCUSSION

### 1. Preliminary Approval of the Proposed Settlement

Settlement of a class action requires the district court's approval. Fed. R. Civ. P. 23(e). The court reviews proposed class settlements in two stages. The first stage is a preliminary fairness evaluation. *See* Manual for Complex Litigation § 21.632 (4th ed. 2006). If the proposed settlement is preliminarily acceptable, the court directs that notice be sent to all class members. *Id.* The court's preliminary approval is not binding and is granted unless the proposed settlement is obviously deficient. *Jones v. Commerce Bancorp, Inc.*, No. 05-5600, 2007 WL 2085357, at *2 (D.N.J. 2007); *cf. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In making its preliminary evaluation, the court generally considers whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995). In the second stage, after class notice, the court holds a final fairness hearing. Fed. R. Civ. P. 23(e)(2); *see* Manual for Complex Litigation § 21.632. If the court concludes that the settlement is "fair, reasonable and adequate," it will give it final approval. *Id.*

The standards for preliminary approval are met in this case. The proposed settlement appears to be the result of serious negotiation between counsel for Plaintiff and Defendants, as the parties submit that it was "negotiated over a period of many months." Joint Br. 6. The parties' counsel conducted the negotiation process and appear to be sufficiently experienced. *Id.* The parties appear to have benefitted from reasonable discovery, as their joint motion includes more precise information about the size of the plaintiff class and Defendants' net worth than was included in Plaintiff's complaint. *Id.* at 3. The Court does not yet have information regarding any

**NOT FOR PUBLICATION**

objections to the proposed settlement from putative class members, but this does not preclude preliminary approval because putative class members have not yet been formally notified of the class action or its proposed settlement and will have opportunity to object.

The settlement terms also appear to be reasonable. The FDCPA provides for recovery of (1) actual damages and up to $1,000 per named plaintiff and (2) an amount "for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a). The Court finds that the payment of $3,500 to Plaintiff falls within the range of reason. Under the statute, Plaintiff would have received a maximum recovery of $1,000 plus any actual damages. 15 U.S.C. § 1692k(a)(2)(B). As it exceeds his potential statutory recovery and compensates Plaintiff for his services on behalf of the class, the settlement agreement's $3,500 payment to Plaintiff appears preliminarily acceptable. *See Gregory v. McCabe, Weisberg & Conway, P.C.*, No. CIV. 13-6962 AMD, 2014 WL 2615534, at *8 (D.N.J. June 12, 2014) (approving similar excess payment to named Plaintiff). The settlement agreement's payment of $4,400 to the other class members also appears preliminarily acceptable as the parties indicate that this amount is greater than the FDCPA's statutory limit of one per centum of the Defendants' net worth.

The Court grants preliminary approval as the proposed settlement lacks obvious deficiencies and appears reasonable.

## 2. Conditional Certification of the Settlement Class

In order to grant preliminary approval of a proposed class settlement, a district court must also determine that the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b) are met. *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 296 (3d Cir. 2011). Under Rule 23(a), Plaintiffs must demonstrate that (1) the class is so numerous that joinder of all members is

**NOT FOR PUBLICATION**

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Rule 23(b)(3), under which Plaintiff seeks class certification, additionally requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff bears the burden of demonstrating that Rule 23's requirements are met by a preponderance of the evidence, and the Court "must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 306 (3d Cir. 2008).

### a. Numerosity

The Rule 23(a)(1) numerosity requirement provides that it must be impracticable to join all class members, but there is "no minimum number of members needed for a suit to proceed as a class action." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 595 (3d Cir. 2012). Rule 23(a)(1) "requires examination of the specific facts of each case," but "generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Id.* (citations omitted). Here, the parties indicate that there are approximately forty-four class members. Joint Br. 3. The Court finds that this number is sufficient to satisfy the numerosity requirement.

### b. Commonality

The Rule 23(a)(2) commonality requirement demands that "the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Stewart v. Abraham*,

**NOT FOR PUBLICATION**

275 F.3d 220, 227 (3d Cir. 2001) (citations omitted). To satisfy this requirement, class claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). The commonality requirement is satisfied here because Plaintiff and all putative class members received collection letters from Defendants which included one of two specific statements. Questions of law regarding these statements' violation of the FDCPA are common to all putative class members.

    **c.  Typicality**

      The Rule 23(a)(3) typicality requirement demands that Plaintiff's claims be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality inquiry is intended to assess . . . whether the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Baby Neal v. Casey*, 43 F.3d 48, 57-58 (3d Cir. 1994). "This investigation properly focuses on the similarity of the legal theory and legal claims; the similarity of the individual circumstances on which those theories and claims are based; and the extent to which the proposed representative may face significant unique or atypical defenses to her claims." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 597-98 (3d Cir. 2009).

      Plaintiff's FDCPA claims are identical to the class claims. They are predicated on the same legal theory and factual circumstances—Plaintiff's and class members' claims arise from Defendants' alleged practice of mailing collection letters with legally deficient language. There is no present indication that Plaintiff's claims will be subject to any individualized defenses. The Court finds that Plaintiff's claims are sufficiently typical to support class certification.

**NOT FOR PUBLICATION**

### d. Adequacy of Representation

The Court must also determine whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court considers whether Plaintiff "has the ability and the incentive to represent the claims of the class vigorously, that he or she has obtained adequate counsel, and that there is no conflict between the individual's claims and those asserted on behalf of the class." *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988). In this case, Plaintiff's counsel appears to be sufficiently qualified to conduct this litigation and has prior experience conducting similar matters in this district. *See Williams v. Pressler & Pressler, LLP*, No. CIV. 11-7296 KSH, 2013 WL 5435068, at *9 (D.N.J. Sept. 27, 2013). There does not appear to be any threat of conflict between Plaintiff's claims and those of the class. As the parties mutually agree, "Plaintiff's claims are identical to those of the class." Joint Br. 10. Although Plaintiff stands to recover a payment of $2,500 above the statutorily-prescribed award through the settlement agreement, thereby out-recovering other class members, this amount accords with the effort Plaintiff has taken to pursue the class' claims. The Court finds that the adequacy requirement of Rule 23(a)(4) is satisfied.

### e. Rule 23(b)(3)

Rule 23(b)(3) includes two requirements: that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The rule's predominance requirement demands that "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem v. Windsor*, 521 U.S. 591, 624 (1997). "[T]he focus of the predominance inquiry is on whether the defendant's conduct was common as to all of the class members, and whether all of the class

**NOT FOR PUBLICATION**

members were harmed by the defendant's conduct." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 298 (3d Cir. 2011). In this case, Plaintiff alleges that Defendants sent all class members a collection letter containing specific statements that violated the FDCPA. Because every class member's FDCPA claim proceeds from this common factual nucleus, the class members' claims uniformly turn on the question of whether FDCPA liability flows from the statements in Defendants' letters. This question predominates over any questions related only to individual class members, and thereby satisfies the Rule 23(b)(3) predominance requirement.

The Rule 23(b)(3) superiority requirement "asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." *In re Warfarin*, 391 F.3d at 533-34 (citations and quotations omitted). The Court examines "(1) the interest of individual members of the class in controlling the prosecution of the action, (2) the extent of litigation commenced elsewhere by class members, (3) the desirability of concentrating claims in a given forum, and (4) the management difficulties likely to be encountered in pursuing the class action." *Danvers Motor Co. v. Ford Motor Co.*, 543 F.3d 141, 149-50 (3d Cir. 2008). The class action mechanism is the superior method for bringing the present class members' claims. It offers prompt relief to the class members and averts the undue costs they would incur in prosecuting their claims individually. As there is no indication that any individual class member has filed a complaint against Defendants elsewhere, the class members will only benefit from concentrating their claims in this Court. Finally, given the limited size of the proposed class, no inherent management difficulties appear on the horizon. The Court finds that Rule 23(b)(3) is satisfied because class action is the superior method for pursuing the class members' claims.

NOT FOR PUBLICATION

Because the Court has found that the proposed class action satisfies the requirements of Rules 23(a) and (b), the Court will certify the class defined in the parties' settlement agreement.

### 3. Appointment of Lead Counsel

Federal Rule of Civil Procedure 23(g)(1)(A) requires the Court to appoint counsel upon class certification. Fed. R. Civ. P. 23(g)(1)(A). The Court has considered the factors set forth in Rule 23(g) and finds that Philip D. Stern, Esquire, has handled other FDCPA class actions, has identified potential claims in this litigation, attests to his knowledge of the substantive law relevant to the class claims, and appears able to commit the resources necessary to represent the class. Joint Br. 12-13. The Court will appoint Mr. Stern as class counsel.

### 4. Approval of the Notice Plan and Proposed Notice Forms

Rule 23(e) requires that notice of a proposed settlement be sent to class members. Fed. R. Civ. P. 23(e). For classes certified under 23(b)(3), members must be provided with "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The notice must "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

9

**NOT FOR PUBLICATION**

The parties propose to notify class members of this litigation by "individual written notice mailed to Class members." Joint Br. 3. The settlement agreement indicates that Defendants will provide class counsel with a mailing list for the putative class members. In light of the parties' presumed ability to mail notice to putative class members at the same addresses where Defendants' collection letters were mailed, the Court finds the proposed method of notice constitutes the best notice practicable.

The Court finds that the proposed notice form is acceptable. The notice form is written in plain and easily understood language and clearly describes the action, claims, and parameters of class membership. *See* Proposed Notice Form 2-3. The proposed notice advises putative class members of their ability to appear in the lawsuit and be heard or object to the settlement at the Court's final fairness hearing. *Id.* at 7-8. The proposed notice also informs putative class members of their right to opt out of the settlement, explains how to do so, and states that class members who do not opt out will be bound by all proceedings, orders, and judgments related to the class action. *Id.* at 8-9.

The proposed notice form includes several blank spaces that remain to be filled with appropriate time periods and dates. The parties seek to provide putative class members 21 days to opt out of the class action from the date that notice is mailed to them. Settlement Agreement ¶ 6.1. Because 21 days may be insufficient, the Court directs that the notice provide putative class members with 30 days to opt out of the action from the date that notice is mailed to them. The Court also directs that the final notice form include the date, time, and location of the final fairness hearing. In the accompanying order, the Court provides a date for the final fairness hearing

**NOT FOR PUBLICATION**

## CONCLUSION

The Court grants the parties' joint motion. An appropriate order follows.

Date: January 23, 2015

_____
United States Senior District Judge

11